IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 04 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02949-BNB

CLYDE HARRIS,

    Plaintiff,

v.

MICHAEL LUMBARD,
LAURA FRANKLIN, and
NOEL IKEDA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Clyde Harris, is an inmate at the Denver County Jail. Mr. Harris filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Harris's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be directed to file an amended complaint.

Mr. Harris makes the following allegations in his Complaint:

> I was laying on the ground as I was told. I was handcuffed while on the ground. Officer used his weight on my back causing damage to my back. Another unknown officer tide [sic] my right leg with some causing. A[ ] injury to my hip by twi[ ]ing my leg oddly. Need surgery on hip now; Thead [sic] party stumped [sic] my head causing me to get five stitches in right eye.

Complaint, at 3. Mr. Harris requests damages in the amount of $5.2 million from the Denver Police Department.

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." In order for Mr. Harris to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Harris fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Harris does not set forth any claim for relief. Indeed, pages four through seven are missing from his Complaint. For the purposes of Rule 8(a), "[i]t

is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Harris will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Harris is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Furthermore, in the amended complaint he will be directed to file, Mr. Harris must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harris must state facts to show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Mr. Harris has named Michael Lumbard, Laura Franklin and Noel Ikeda as Defendants in the caption of his Complaint, but he does not allege facts in the text of his complaint to demonstrate that any of those individuals personally participated in a violation of his constitutional rights. Mr. Harris is advised that none of the Defendants may be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010).

In addition, municipalities such as the City and County of Denver are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To hold Denver liable for his injuries under 42 U.S.C. § 1983, Mr. Harris must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989); ***Myers v. Oklahoma County Bd. of County Comm'rs***, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Harris cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. ***See Monell***, 436 U.S. at 694.

Mr. Harris, therefore, will be directed to file an amended complaint that states his claim clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Clyde Harris, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Harris, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if Mr. Harris fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without

prejudice without further notice.

DATED February 4, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02949-BNB

Clyde Harris
Prisoner No. 90264
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk