IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02949-LTB

CLYDE HARRIS,

    Plaintiff,

v.

JOHN HICKENLOOPER, Mayor,
CHIEF OF DENVER POLICE DEPARTMENT,
JAMES MONEGHAN, Sergamt [sic],
MICHAEL LUMBARD,
LAURA FRANKLIN, and
NOEL IKEDA,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Clyde Harris, is incarcerated currently at the Sterling Correctional Facility in Sterling, Colorado. On June 13, 2011, Mr. Harris filed *pro se* a Motion to Show Cause (Doc. No. 20), which the Court construes liberally as a motion to reconsider the Court's April 25, 2011 Order of Dismissal. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to reconsider will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Harris's motion as a motion seeking relief from the judgment because it was filed more than twenty-eight days after the judgment was entered in this action on April 25, 2011. *See Van Skiver*, 952 F.2d at 1243. Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment. *Van Skiver*, 952 F.2d at 1243-44.

On April 25, 2011, the Court entered an Order dismissing this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with a March 15, 2011 Order to Show Cause and the local rules of this Court. The specific reasons for the dismissal are set forth in detail in the April 25 Order. Judgement entered the same day.

Mr. Harris argues in his motion to reconsider that he should be relieved from the final judgment because of excusable neglect. *See* Fed. R. Civ. P 60(b)(1). Mr. Harris asserts that he complied with the January 14, 2011 Order granting him leave to proceed *in forma pauperis* and directing him to pay an initial partial filing fee. He states that he paid the initial partial filing fee on January 26, 2011 in a U.S. Postal Service money order, but that his sister apparently forgot to put his name and the civil action number on the money order. Mr. Harris further states that he did not receive the Court's March 15 order requiring him to show cause within thirty (30) days why his amended complaint and this action should not be dismissed for his failure to pay the initial partial filing fee

because he was moved by state officials to three different detention facilities between March and April. Plaintiff states that he finally arrived at Sterling in mid-April, but the facility has been in a continuous lock-down status. Mr. Harris admits, however, that he is at fault for not filing a change of address with the Court.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Harris fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. His *pro se* status does not relieve him from his obligation to comply with the Federal Civil Rules of Procedure and the local rules of this Court. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). It is Mr. Harris's responsibility to forward the appropriate documentation to the Court if he wishes to pursue his claim and proceed *in forma pauperis*. Therefore, the motion to reconsider will be denied. Mr. Harris is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Harris wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Motion to Show Cause (Doc. No. 20), filed on June 13, 2011, which the Court has construed liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this __17th__ day of __June__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02949-LTB

Clyde Harris
Prisoner No. 90264
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 17, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk